UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GLANZROCK, on behalf of
himself and those similarly
situated,

      Plaintiff,

v.                           Case No.  8:07-cv-535-T-33MAP


PATRIOT ROOFING INDUSTRIES, INC.,
MARCO ALAMINA, AND LEONA ALAMINA,

      Defendants.
_____/

## ORDER

    This matter comes before the Court upon Plaintiff's Motion for Sanctions and/or to Strike Defendants' Answer (Doc. # 36), filed on July 10, 2008.  Defendants have failed to file a response.  For the reasons set forth below, Plaintiff's motion is granted.

    Plaintiff filed his Complaint on March 30, 2007 (Doc. # 1), under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA") for minimum wages, breach of an oral agreement, and declaratory relief.  After Defendants failed to Answer the Complaint, a Clerk's entry of default (Doc. ## 11, 12) was issued as to all Defendants on June 27, 2007.  Clerk's entry of default was later set aside upon the filing of Answers (Doc. ## 17-19) by all three Defendants on July 19, 2007.  On December 6, 2007, the Court entered a FLSA Scheduling Order (Doc. # 22) directing Defendants to file a Verified Summary of all hours worked by Plaintiff within fifteen days after Plaintiff filed his answers to the Court's

interrogatories.

Defendants failed to file their Verified Summary of hours worked and on March 27, 2008, the Court issued a Show Cause Order directing Defendants to show cause within eleven days why an Order of Liability should not be entered against them for failing to comply with the Court's FLSA Scheduling Order.  (Doc. # 35 at 2.) Over four months have elapsed since the Court's response deadline, and Defendants have still failed to respond to the Court's Show Cause Order.

Plaintiff now moves the Court to enter a Default Judgment or strike the Defendants' Answer for willful noncompliance with this Court's orders.  (Doc. # 36 at 2.)

Federal Rules of Civil Procedure 16(f) and 37(b)(2) empower the court to sanction a party for failure to obey a scheduling order or other pretrial order, including striking an answer or issuing a default order against the offending party.  Rule 16(f)(1) provides that: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."  Sanctions under Rule 37(b)(2)(A) include striking the pleadings in whole or in part, dismissing the case in whole or in part, and "rendering a default judgment against the disobedient party."

Generally, the sanction of default is considered a drastic

remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985) (citations omitted).  The district court must find that less drastic sanctions would not be equally effective in achieving compliance with the court's orders.  Id. (citing Aztec Steel Co. v. Fla. Steel Corp., 691 F.2d 480, 481-82 (11th Cir. 1982)).  However, when the noncompliant party demonstrates "a flagrant disregard for the court and the discovery process," the "severe" sanction is not an abuse of discretion.  Aztec Steel Co., 691 F.2d at 481.

The Court finds that the sanction of default is warranted in this case due to Defendants' willful disregard of both the Court's Scheduling Order and its Show Cause Order.  Defendants have had a pattern of noncompliance throughout this case, as evidenced by Defendants' initial failure to answer the Complaint and the subsequent Clerk's default that was later set aside.  Additionally, the Court warned in its Show Cause Order that failure to respond would result in a judgment of liability against Defendants.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Plaintiff's Motion for Sanctions and/or to Strike Defendants' Answer (Doc. # 36) is **GRANTED.**

(2)  The Clerk of Court shall strike Defendants' Answers to the Complaint at Docket Nos. 17, 18, and 19, but not delete the

3

Answers from the record.   The Clerk shall further enter default against Patriot Roofing Industries, Inc., Marco Alamina, and Leona Alamina.

(3)  Plaintiff is directed to file a motion for default judgment within ten (10) days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of August 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record