UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GLANZROCK, on behalf of
himself and those similarly
situated,

    Plaintiff,

v.                              Case No. 8:07-cv-535-T-33MAP

PATRIOT ROOFING INDUSTRIES,
INC., MARCO ALAMINA, AND LEONA
ALAMINA,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Entry of Default Judgment (Doc. # 40), filed on August 25, 2008. Defendants have failed to file a response and the time to do so has elapsed. See Local Rule 3.01(b), M.D. Fla. For the reasons set forth below, Plaintiff's motion is granted in part.

**I.  Background**

Plaintiff filed his complaint on March 30, 2007 (Doc. # 1), under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA") for minimum wages, breach of an oral agreement, and declaratory relief. After Defendants failed to answer the complaint, a Clerk's entry of default (Doc. ## 11, 12) was issued as to all Defendants on June 27, 2007. Clerk's entry

of default was later set aside upon the filing of answers (Doc. ## 17-19) by all Defendants on July 19, 2007. On December 6, 2007, the Court entered a FLSA Scheduling Order (Doc. # 22) directing Defendants to file a verified summary of all hours worked by Plaintiff within fifteen days after Plaintiff filed his answers to the Court's interrogatories.

Defendants failed to file their verified summary of hours worked and on March 27, 2008, the Court issued a Show Cause Order directing Defendants to show cause within eleven days why an Order of Liability should not be entered against them for failing to comply with the Court's FLSA Scheduling Order. (Doc. # 35 at 2.) After four months elapsed without a response, the Court granted Plaintiff's motion to strike Defendants' answers (Doc. # 36) and directed the Clerk of the Court to enter a default against Defendants. (Doc. # 38.) Default was entered on August 18, 2008. (Doc. # 39.)

Plaintiff now moves the Court for a final default judgment in the amount of $4,830, inclusive of attorney's fees and costs. According to Plaintiff's sworn affidavit, he was employed as a salesperson by Defendants from November 2005 through January 29, 2007. (Doc. # 40-3 at ¶ 4.) Pursuant to an oral agreement, Defendants were paying Plaintiff $11 per hour for all hours worked up to 40 in each workweek. (Id. at

2

¶ 5.) Plaintiff attests that he worked a total of 37.5 hours during the week from January 22, 2007, to January 29, 2007, but that Defendants failed to pay him any wages for that work. (Id.) Consequently, Plaintiff seeks damages in the amount of $412.50 (37.5 hours times $11 per hour), an equal amount in liquidated damages, and attorney's fees and costs in the amount of $4,005. (Doc. # 40 at 2-4.)

## II. Legal Standard

Well-pleaded factual allegations are established by default. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975); see also Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment, however, only if the complaint's factual allegations provide a sufficient legal basis for entry of a default judgment. Nishimatsu Constr. Co., 515 F.2d at 1206. The plaintiff has the burden of proof regarding the amount of damages to be awarded, but if the employer does not produce evidence to negate plaintiff's prima facie case, "the court may award approximate damages based on the employee's evidence." McLaughlin v. Stineco, Inc., 697 F. Supp. 436, 450 (M.D. Fla. 1988).

**III. Analysis**

    **A.    Liability and Damages**

Defendants' default serves to admit the well-pled allegations in Plaintiff's complaint. Thus, Defendants admit that they employed Plaintiff during the relevant time period and that they orally agreed to pay Plaintiff $11 per hour in wages during his employment.

Although a defaulted defendant admits well-pleaded allegations of liability, allegations related to damages are not deemed admitted and the Court must determine the amount and character of damages to be awarded. <u>Miller v. Paradise of Port Richey, Inc.</u>, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). However, where the employer's records are inaccurate or inadequate, an employee has met his burden "if he provides sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Etienne v. Inter-County Sec. Corp.</u>, 173 F.3d 1372, 1375 (11th Cir. 1999) (citations omitted).

Defendants have failed to produce any time records evidencing hours worked and the Court finds that Plaintiff's affidavit constitutes sufficient evidence to establish that he worked 37.5 hours during the week of January 22, 2007, to January 29, 2007. <u>See</u> <u>Smith v. Brevard Sec. Specialists</u>, Case

4

No. 6:05-cv-1652-Orl-18KRS, 2007 WL 710140, at * 3 (M.D. Fla. 2007) (accepting plaintiff's affidavit as proof of hours worked where employer defaulted and plaintiff's affidavit provided the best evidence of wages owed). Accordingly, Plaintiff is entitled to $412.50 in damages representing unpaid minimum wages under 29 U.S.C. § 206 and additional wages owed pursuant to the parties' oral contract.

In addition, under FLSA Section 216(b), an employee is entitled to liquidated damages in an amount equal to the unpaid wages. See e.g. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1573 (11th Cir. 1988). Liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions. Id.; see also 29 U.S.C. § 206. By failing to answer the complaint, Defendants admit that they acted willfully in failing to pay Plaintiff minimum wages for the hours in question.

Plaintiff seeks liquidated damages in an amount equal to unpaid wages under both his FLSA claim and his breach of contract claim. However, liquidated damages are only available under the FLSA, not under state law for breach of contract. See Allen v. Shayona Enters. Am., Inc., Case No. 6:06-cv-1441-Orl-31KRS, 2007 WL 1626199, at * 4 n. 3 (M.D.

Fla. 2007). Thus, Plaintiff is entitled to liquidated damages in the amount of $193.13, equaling a minimum hourly wage rate of $5.15 times 37.5 hours worked.[1]

**B. Attorney's Fees**

Plaintiff seeks attorney's fees and costs in the amount of $4,005. FLSA authorizes an award of attorney's fees and costs to prevailing plaintiffs in proceedings to enforce FLSA's provisions. See 29 U.S.C. § 216(b).[2] In addition, Florida Statutes § 448.08 provides that a court may award reasonable attorney's fees and costs to the prevailing party in a suit for unpaid wages. In support of the requested attorney's fees, Plaintiff's counsel filed an "Affidavit for Reasonable Attorneys' Fees" and detailed time sheets reflecting each task performed, the attorney who performed the work, and the associated time increments. (Doc. ## 40-4, 40-

---

[1] The minimum wage rate recognized under FLSA for the dates at issue, January 22, 2007, through January 29, 2007, was $5.15 per hour. 29 U.S.C. § 206(a)(1) (2007).

[2] In Shelton v. Ervin, 830 F.2d 182, 184 (11th Cir. 1987), the court determined that "Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases. In consideration of the language of section 216(b), and its underlying purpose, we hold that attorney fees are an integral part of the merits of FLSA cases and part of the relief sought therein. Thus, a final determination as to the award of attorney fees is required as part of the final appealable judgment."

6

5.)

Plaintiffs' counsel seek $3,380 in fees comprised of 11.3 hours of legal work at a rate of $300 per hour.[3] As required by Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988), this Court must employ the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Court finds that the number of hours that Plaintiffs' attorneys expended is reasonable.[4]

"The fee applicant bears the burden of establishing entitlement [to] hourly rates." Norman, 836 F.2d at 1303 (11th Cir. 1988). With respect to rates, an applicant may

---

[3]There is a $10 discrepancy between the amount of attorneys' fees reflected in Plaintiffs' motion and counsel's affidavit, and the amount shown on the time sheets. The Court will conduct its analysis based on the amount requested in Plaintiff's motion.

Additionally, Counsels' time sheets reflect work expended on the entire case, rather than distinguishing between the contract claims and the FLSA claims. Because Plaintiffs' attorneys are entitled to statutory fees and costs for work on both claims, the Court will not attempt to parse out the time spent on each claim.

[4]In reviewing counsel's time records, this Court found no "hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

produce direct evidence of rates charged under similar circumstances or opinion evidence rendered by an expert. Id. Here, Plaintiffs' case was handled by three attorneys, Andrew Frisch, Janet P. Ochoa, and Charles Scalise.

Frisch's affidavit attempts to support the reasonableness of his rate by reference to his seven years in practice, his handling of "hundreds of FLSA cases," his lectures and publications on the subject of Wage and Hour law, and his position as manager of the Wage and Hour Department at a previous law firm. (Doc. # 40-4 at 3.) This Court concludes that an hourly rate of $300 is unreasonably high for this type of litigation and by an attorney practicing for only seven years. Frisch has offered no expert testimony to support his rate and the one case that he cites to involves approval of a FLSA settlement and not a default as in the present case. (Doc. # 40-6.)

The undersigned generally considers $160 per hour to be a reasonable rate for attorneys handling routine FLSA default cases. See e.g. Miller v. Certified Impound, Inc., Case No. 8:08-cv-1578-T-33TGW (M.D. Fla. Jan. 22, 2009). This rate is consistent with the fees awarded in recent judicial determinations in this district where default judgments were entered in FLSA cases. Hill v. Windsor Redevelopment Corp.,

8

No. 8:08-cv-19-27TGW, 2008 WL 2421105, at *2 n.1 (M.D. Fla. June 13, 2008) ("The Court finds an hourly rate of $ 160.00 to be reasonable . . . "); Dial v. Little Wagon Errand Servs., Inc., 2008 WL 227967, at *4 (M.D. Fla. Jan. 25, 2008) (finding $160 to be a reasonable rate for attorney's fees). However, because Defendants in this case initially filed an answer, necessitating more than routine default pleading by Frisch, the Court finds that an hourly rate of $200 for Frisch is reasonable.

Regarding attorneys Ochoa and Scalise, Frisch has offered no evidence to establish that $300 is a reasonable hourly rate for their work in this case. In the absence of any evidence regarding these attorneys' experience or background, the Court finds that $160 is a reasonable hourly rate for Ochoa and Scalise.

Accordingly, Plaintiff is entitled to be reimbursed by Defendants for attorneys' fees in the amount of $1,968 (4 hours at $200 per hour plus 7.3 hours at $160 per hour).

### C. Costs

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to be reimbursed by Defendants for the reasonable costs associated with the prosecution of this lawsuit. Counsel has submitted a cost ledger that supports Plaintiff's requested

9

reimbursement of $625.[5] Thus, Plaintiff is entitled to be reimbursed by Defendants for reasonable costs in the amount of $625.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Entry of Default Judgment (Doc. # 40) is **GRANTED in part as follows:**

(2) Defendants Patriot Roofing Industries, Inc., Marco Alamina, and Leona Alamina are in default, and the factual allegations in the complaint (Doc. # 1) are deemed admitted by Defendants;

(3) Defendants are in violation of the Fair Labor Standards Act, 29 U.S.C. § 206;

(4) Defendants are in breach of their employment contract with Plaintiff;

(5) The Clerk is accordingly directed to enter Judgment in favor of Plaintiff in the amount of $3,198.63, allocated as follows:

    a. damages in the amount of $605.63;

    b. attorneys' fees in the amount of $1,968;

---

[5] Specifically, the costs submitted represent this court's fee for opening the case, the fee charged by the process server to effect service of process on Defendants, and minimal telephone, photocopying and postage expenses. (Doc. #40-7.)

    c. costs in the amount of $625; and

(6) The Clerk is directed to close the file.

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of January 2009.

               */s/ Virginia M. Hernandez Covington*
               VIRGINIA M. HERNANDEZ COVINGTON
               UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record